**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HEATH J. KELLOGG, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL ACTION NO. |
| | : | 1:12-CR-00383-CAP-1 |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:18-CV-3773-CAP-JCF |

## FINAL REPORT AND RECOMMENDATION

Movant Heath J. Kellogg, a federal supervised releasee,[1] has filed a *pro se* 28 U.S.C. § 2255 motion to vacate challenging his guilty plea conviction and sentence in Case No. 1:12-cr-00383-CAP-1 for counterfeiting obligations or securities of the United States, in violation of 18 U.S.C. § 471.  (See Doc. 375 at 1; Doc. 347 at 1.)   The matter is before the Court on the motion to vacate, the

---

[1] On July 8, 2020, this Court granted Movant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and ordered that Movant be released from confinement.  (Doc. 405 at 12.)  Although Movant is not physically in prison, he is still "in custody" within the meaning of § 2255 because he is presently serving a three-year term of supervised release.  (See Doc. 405 at 12); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (collecting cases and explaining that that supervised release satisfies the 'in custody' requirement of § 2255).  Accordingly, this Court's grant of Movant's compassionate release motion did not moot the instant § 2255 proceedings.

government's motion to dismiss, and movant's response in opposition.  For the reasons stated below, **IT IS RECOMMENDED** that the government's motion to dismiss the § 2255 motion be **GRANTED**, the § 2255 motion be **DISMISSED** pursuant to the collateral attack waiver in Movant's plea agreement, and a certificate of appealability be **DENIED**.

## I.   PROCEDURAL HISTORY

In November 2012, Movant was indicted for conspiracy to produce and deal in United States currency, in violation of 18 U.S.C. § 371 (Count 1), two counts of counterfeiting United States currency, in violation of 18 U.S.C. § 471 (Counts 2 & 3), and two counts of dealing in counterfeit obligations or securities, in violation of 18 U.S.C. § 473 (counts 3 & 4).  (Doc. 13.)  In October 2013, the government made a plea offer to Movant under which (1) he would plead guilty to Count 2 of the indictment, (2) all remaining counts would be dismissed, (3) the government would recommend that the Court not apply an obstruction of justice enhancement under the Sentencing Guidelines, (4) the government would recommend a sentence at the low end of the adjusted guideline range calculated by the District Judge, and (5) the government would recommended that no fine be imposed based on Movant's

inability to pay.  (See Doc. 263 at 8-10.)  Movant rejected the plea offer and instead entered a non-negotiated guilty plea to all counts.  (See id.).

The District Judge sentenced Movant to an aggregate of 144 months' imprisonment and a $40,000 fine.  (Doc. 236 at 1.)  Movant appealed, and the Eleventh Circuit affirmed his 144-month sentence but vacated the $40,000 fine and remanded to the District Court for a determination of whether a fine was appropriate. United States v. Kellogg, 593 F. App'x 971, 978-79 (11th Cir. 2014) (per curiam). On remand from the Eleventh Circuit, the District Judge resentenced Movant to the same 144-month sentence and eliminated the fine.  (Doc. 286 at 1.)

In January 2016, Movant filed his first *pro se* § 2255 motion, raising, in relevant part, a claim that his plea counsel was ineffective for misadvising him that he would preserve the right to appeal the denials of his motions to suppress if he entered an open guilty plea.  (Doc. 308 at 10-13.)  Following an evidentiary hearing, a magistrate judge entered a report and recommendation recommending that Movant's first § 2255 petition be granted as to that ground and finding that Movant would have accepted the government's comparatively favorable 2013 plea offer if he had been correctly advised that he would waive the right to appeal the denials of his motions to suppress by entering an open guilty plea.  (Doc. 336 at 19-26.)

3

On July 12, 2017, the District Judge held a motion hearing on the Report and Recommendation, at which it offered Movant two sentencing remedies: (1) he could plead guilty pursuant to guideline calculations in the 2013 plea agreement and receive the low-end 130-month sentence he would have received under the plea agreement at that time; or (2) he could have a plenary resentencing under the then-current Sentencing Guidelines, but the government would be permitted to relitigate any issues not covered by the plea agreement, including loss amount and role in the offense.  (See Doc. 362 at 7-14.)   Ultimately, Petitioner elected to plead guilty pursuant to the plea agreement he rejected in 2013.  (See generally Doc. 360.)

In relevant part, the plea agreement provided, in a section titled "Limited Waiver of Appeal" that Movant generally waived his appellate and collateral attack rights:

> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceed (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

4

(Doc. 346-1 at 18.)  Both Movant and his attorney signed the plea agreement.  (Id. at 19.)

At his July 19, 2017, plea hearing, the government read aloud the terms of the plea agreement, including that "[t]here is a limited waiver of appeal in Paragraph 35, which I will read verbatim," and subsequently read the waiver provision verbatim. (Doc. 360 at 16.)  The Court then asked Movant if this was "the plea agreement that [he] and[his] attorney ha[d] entered into with the government," and Movant replied "[y]es, your honor."  (Id. at 16-17.)  Movant further testified that he understood the plea agreement, and that no one had made a promise to him other that what was in the plea agreement to induce his guilty plea.  (Id. at 17.)  The Court later informed Movant that "you're waiving any right to appeal . . ." and asked him "[a]re you willing to waive and give up that right," and Movant answered "[y]es, your honor." (Id. at 26.)  The Court ultimately accepted Movant's guilty plea and resentenced him to 130 months' imprisonment on Count 2 and vacated the other counts.  (Id. at 30-35; see also Doc. 347 at 1.)

The Court then dismissed as moot Movant's first § 2255 motion, noting that the relief sought had been granted.  (Doc. 348.)  Movant appealed the new judgment

and dismissal of his § 2255 motion, but subsequently voluntarily dismissed his appeal.  (See Docs. 349, 364.)

On August 6, 2018, Movant filed the instant *pro se* § 2255 motion, raising two claims for relief:

1.   the District Court violated his due process rights in his prior § 2255 proceedings by:

    a.   failing to decide the merits of the constitutional question presented in his prior § 2255 motion;

    b.   participating in plea negotiations; and

    c.   terminating his prior § 2255 proceedings without notifying him or giving him an opportunity to object; and

2.   the government materially breached the plea agreement by failing to meaningfully recommend a low-end guideline sentence.

(Doc. 375 at 11-12, 13-24.)

## II.   **MOTION TO DISMISS THE § 2255 MOTION**

The government moves to dismiss the § 2255 motion pursuant to the collateral attack waiver in movant's plea agreement.  (Doc. 381.)  Specifically, the government argues that the record establishes that Movant knowingly and voluntarily waived his appellate rights, and that the collateral attack waiver in his plea agreement is enforceable.  (Id. at 16-17.)  Alternatively, the government argues that Movant's

6

claims are procedurally barred because he did not raise them on direct appeal.  (Id. at 18-19.)  Finally, the government argues that the § 2255 motion is meritless.  (Id. at 19-23.)

Movant responds that his motion should be construed as a Fed. R. Civ. P. 60(b) motion for relief from this Court's prior civil judgment dismissing as moot his prior § 2255 motion.  (Doc. 387 at 2-4.)  Movant asserts that a Rule 60(b) motion is the only vehicle for him to raise constitutional violations in his prior § 2255 proceedings—namely, that this Court erred by resentencing him and dismissing his prior § 2255 as moot rather than granting the § 2255 motion, vacating his convictions and sentences, and allowing him to accept the 2013 plea offer "free of ex post facto modifications"—i.e., receive a 110-month sentence under the 2017 Sentencing Guidelines without relitigating loss amount or role enhancement.  (See id. at 8, 10.)

As an initial matter, Petitioner's arguments that the instant filing should be construed as a Rule 60(b) motion are unavailing.  Petitioner clearly labeled his motion as one brought under § 2255 and requested vacatur of his sentence as relief.  (See Doc. 375 at 1, 18-20.)  Moreover, Petitioner attacks the validity of his guilty plea conviction and sentence on the merits, arguing that the government materially breached the plea agreement by failing to present a "unified front" in recommending

a minimum-guideline 110-month sentence at his 2017 resentencing.   (See id. at 22-24); see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc) (holding that a § 2255 motion to vacate is the exclusive mechanism by which a federal prisoner may collaterally attack his federal convictions and sentences); Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (holding that Rule 60(b) motions are to be considered collateral attacks if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits).   Because Movant's filing is properly construed as a § 2255 motion to vacate, it is due to be dismissed pursuant to the collateral attack waiver in his plea agreement.

A collateral attack waiver will be enforced if it was made knowingly and voluntarily.   United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).   To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.   Id.; see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (holding that a waiver was valid where it was "referenced" at the change-of-plea hearing, and where the district court

established that the defendant had read and understood "every page and every word" of the plea agreement).

A valid collateral attack waiver applies to difficult or debatable issues of law and even blatant error.  United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).  A defendant may even waive constitutional issues by executing a valid collateral attack waiver, including an Eighth Amendment claim that a sentence was cruel and unusual due to its length.  United States v. Bascomb, 451 F.3d 1292, 1297 (11th Cir. 2006).

Here, the record establishes that Movant waived his collateral attack rights knowingly and voluntarily.  The government read the terms of the plea agreement into the record, including the full text of the collateral attack waiver, and Movant testified that this was the agreement he had entered into with the government and that he understood the agreement.  (Doc. 360 at 16-17.)  The Court also specifically informed Movant that he was waiving his appellate rights, and he again testified that he understood. (Id. at 26.) Courts apply a "strong presumption" that statements made by a defendant during the plea colloquy are true.  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).  Accordingly, the government has shown that record makes clear that the Movant understood the full significance of the collateral attack

9

waiver, and that he entered it knowingly and voluntarily.  See Weaver, 275 F.3d at 1333.  Finally, the single exception in the waiver provision does not apply to Movant's claims that his due process rights were violated in his prior § 2255 proceedings and that the government breached the plea agreement by failing to recommend a low-end guideline sentence.  (Doc. 346-1 at 18.)

Accordingly, **IT IS RECOMMENDED** that the government's motion to dismiss the § 2255 motion be **GRANTED** and the § 2255 motion be **DISMISSED** pursuant to the collateral attack waiver in Movant's plea agreement.[2]

---

[2] Alternatively, the Court notes that the § 2255 motion is meritless.  Movant's claim that his due process rights were violated in his previous § 2255 proceedings alleges defects in a collateral proceeding, which are not cognizable in a § 2255 motion.  See Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.")  Additionally, Movant's claim that the government failed to recommend a low-end guideline sentence is belied by the record, and the only relief sought, that he be resentenced to a minimum-guideline 110-month sentence, is moot in light of his release from incarceration.  See De La Teja v. United States, 321 F.3d 1357, 1361-62 (11th Cir. 2003) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" i.e., "[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (citation omitted).

III.   **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the procedural determination that the § 2255 motion is barred by the collateral attack waiver in Movant's plea agreement, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**. See id. If the District Judge adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court

1

of appeals under Federal Rule of Appellate Procedure 22."  28 U.S.C. foll. § 2255, Rule 11(a).

## IV.   **CONCLUSION**

For the reasons stated above, **IT IS RECOMMENDED** that the government's motion to dismiss the 28 U.S.C. § 2255 motion [381] be **GRANTED**, the § 2255 motion [375] be **DISMISSED** pursuant to the collateral attack waiver in Movant's plea agreement, and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of July, 2021.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge

1